IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE LEWIS, | Civil Action |
| Plaintiff, | No. 2:21-cv-516 |
| v. | |
| ALLEGHENY HEALTH NETWORK, and WESTERN PENN ALLEGHENY HEALTH SYSTEM, INC. | JURY TRIAL DEMANDED |
| Defendant. | |

## CIVIL COMPLAINT

Plaintiff, Stephanie Lewis, by undersigned counsel, files this Civil Complaint and in support states the following:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 7 of the Age Discrimination in Employment Act, 29 U.S.C. §626(c)(1); 28 U.S.C. §§1331 and 1343(a)(4).

2. Plaintiff has satisfied all procedural and administrative requirements set forth in 29 U.S.C. §626 in that:

   a. On November 14, 2019 Plaintiff filed a timely charge alleging age discrimination with the Equal Employment Opportunity Commission (EEOC) and cross filed with the Pennsylvania Human Relations Commission;

   b. Plaintiff received a Notice of Right to Sue from the EEOC dated January 19, 2021; and

   c. this action was filed with this Court within 90 days of receipt of that Notice.

### II. The Parties

3. Plaintiff, Stephanie Lewis is an adult individual who resides at 7930 Lloyd Avenue,

4

Pittsburgh, Allegheny County, PA 15218. She is 74 years old.

4. Defendant, Allegheny Health Network, ("Defendant") is a corporation with its principal place of business at 120 Fifth Avenue, Suite 2900, Pittsburgh, Allegheny County, PA 15222.

5. Defendant, Western Penn Allegheny Health System, Inc., is a wholly owned subsidiary of Allegheny Health Network with a place of business at 120 Fifth Avenue, Suite 2900, Pittsburgh, Allegheny County, PA 15222.

6. At all times relevant to this case, Defendants were employers within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. §630(b).

7. At all times relevant to this case, Defendants acted or failed to act by and through the duly authorized agents, servants, and employees, who conducted themselves within the scope and course of their employment.

### III. Factual Background

8. Lewis worked for Defendant from May 2018 until February 20, 2019. She last held the position of Manager CVT OR (nurse manager in the cardiac operating room).

9. On or about February 20, 2019, Defendant improperly terminated Lewis. Lewis was seventy-one years of age at the time.

10. Defendant's Senior Management repeatedly enforced practices and policies that disproportionately focused on and negatively impacted the older work force.

11. For example, Defendant's Senior Management encouraged Lewis to recruit and train her replacement even though Lewis never previously notified Defendant of her plans to retire or resign.

12. Also, Defendant instituted a master's degree requirement for employees in manger-

level positions, including the position held by Lewis.

13. Defendant commented to Lewis "you aren't actually going to get [your master's degree] now, are you?"

14. In Fall 2018, Defendant encouraged Lewis to accept a demotion from her supervisory role to remain employed while training her replacement as an alternative to pursuing her Master's degree.

15. Lewis declined the demotion and remained persistent about pursuing a master's degree to remain in her supervisory role and preserve her seniority.

16. Soon thereafter, Defendant instructed Lewis' subordinates to bypass her and report any issues directly to Senior Management, which limited Lewis' ability to perform her job duties successfully.

17. Defendant then placed Lewis on a Performance Improvement Plan on January 23, 2019, improperly citing her for alleged performance-related issues.

18. On February 20, 2019, Defendant terminated Lewis' employment because of the discriminatory practices, policies, and procedures implemented by Defendant targeting employees like Lewis who were 40 years of age or older.

**Count I**
**ADEA**

19. Plaintiff incorporates by reference the allegations in paragraphs 1 through 16 as if fully restated herein.

20. Defendant fired Lewis because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

21.     Defendant's violation of the ADEA was willful.

WHEREFORE, Lewis demands judgment as follows:

a. That Defendant be ordered to reinstate Plaintiff into the position she occupied prior to Defendant's discriminatory actions, together with all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

b. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is offered employment into a position substantially equivalent to the one which Plaintiff occupied at the time of her termination;

c. That Defendant be required to reinstate Plaintiff's pension standing, including an uninterrupted reinstatement of her seniority and vesting;

d. That Defendant be required to provide Plaintiff with front pay in the event reinstatement is not feasible;

e. That Defendant be required to compensate Plaintiff for lost benefits, including profit sharing and/or pension benefits until Plaintiff's normal retirement date;

f. That a final judgment in favor of Plaintiff and against Defendant be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§626(b) and 216(b);

g. That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the ADEA;

h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

i. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

**EDGAR SNYDER & ASSOCIATES**

/S/Amy N. Williamson
Amy N. Williamson
Pa. I.D. No. 90657
600 Grant Street
Tenth Floor, U.S. Steel Tower
Pittsburgh, PA 15219
(412) 394-4458

Attorney for Plaintiff